## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE LABRA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-4626 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Michelle Labra slipped on a puddle in her prison cell and injured her leg. She responded by filing this slip-and-fall case against the United States under the Federal Tort Claims Act. The United States moved to dismiss, arguing that Labra failed to exhaust her administrative remedies as required by the statute.

For the reasons stated below, the Court grants the motion to dismiss.

### Background

At the motion to dismiss stage, the Court must accept as true the well-pleaded allegations of the complaint. *See Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). The Court "offer[s] no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020).

Michelle Labra was an inmate at the Metropolitan Correctional Facility in Chicago. *See* Cplt., at ¶ 8 (Dckt. No. 1).

"On and before March 29, 2021," Labra's cellmate told Labra that there was a leak in the cell's sink. *Id.* at ¶ 10. And "on and before" that day, Labra told a correctional officer and a counselor about the leaking sink. *Id.* at ¶ 11. Unfortunately, the hazard proved to be hazardous. Later that day, Labra slipped on the water and took a tumble. *Id.* at ¶ 12.

Labra fractured her left tibia in three places and shattered her left kneecap. *See* Pl.'s Resp. in Opp. to Mtn. to Dismiss, at 1 (Dckt. No. 12). She needed two knee surgeries, including a "total restructuring of her knee." *Id.*

Labra sued the United States under the Federal Tort Claims Act. She argues that the United States was on notice of the leak, and acted negligently by failing to repair the sink. *See* Cplt., at ¶¶ 14–17 (Dckt. No. 1).

The United States moved to dismiss based on a failure to exhaust her administrative remedies as required by the FTCA. *See* Mtn. to Dismiss (Dckt. No. 9).

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

The United States seeks dismissal because Labra did not exhaust her administrative remedies as required by the FTCA. The Court agrees.

The FTCA includes an exhaustion requirement. Claimants must present their claim to the federal government, and give the relevant agency a crack at resolving the claim, before coming to federal court. The federal courthouse is the last stop, not the first step.

The text of the statute doesn't include a lot of wiggle room to sidestep the federal agencies and skip right to federal court. The FTCA says that a claimant "shall not" bring a claim without first going to the federal agency. *See* 28 U.S.C. § 2675(a). It's hard to think of any language that conveys a mandatory rule more than "shall" and "shall not." *See* Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) ("The traditional, commonly repeated rule is that *shall* is mandatory and *may* is permissive.") (emphasis in original).

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*

Inmates are no exception. Under the FTCA, "federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials." *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (citation omitted). But "a plaintiff's failure to exhaust administrative remedies before [s]he brings suit mandates dismissal of the claim." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

The United States seeks dismissal for lack of exhaustion on three grounds. Basically, the government argues that Labra made no administrative claim, and even if she did, the alleged claim was insufficient.

First, the United States points out that it has no record of receiving a demand, so the government believes that Labra made no administrative claim at all. Second, the United States argues that the form allegedly submitted by Labra did not demand a "sum certain" as required by the FTCA. And third, the United States argues that the alleged administrative claim was untimely. So, the administrative claim was non-existent, or too little, or too late.

The first issue is whether Labra presented her claim to the Bureau of Prisons. The United States argues that "[t]he complaint . . . does not allege that Labra ever presented the administrative claim as required by the FTCA." *See* Mtn. to Dismiss, at ¶ 3 (Dckt. No. 9).

True, the complaint never says that Labra pursued her administrative remedies. But then again, exhaustion is an affirmative defense, and a plaintiff doesn't have to plead around affirmative defenses. *See Barrett v. Federal Bureau of Prisons*, 2022 WL 93504, at *3 (N.D. Ill. 2022) (citing cases).

In her response brief, Labra argues that she did, in fact, submit an administrative claim to the BOP. Labra asserts that she filed a claim by "mailing a signed Standard Form 95" to the BOP's regional office in Kansas City. *See* Pl.'s Resp., at 2 (Dckt. No. 12).

That's the right type of form to put the FTCA ball in play. A Standard Form 95 is a typical document for submitting FTCA claims. *See* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . .").

Labra attached her Standard Form 95 to her response brief. *See* Pl.'s Ex. 1 (Dckt. No. 12-1). The form was signed on March 23, 2023, and Labra says that she mailed it on March 29, 2023. *See* Pl.'s Resp., at 2 (Dckt. No. 12).

In its reply, the United States again contends that "[a]s far as the United States can tell, it never received an administrative tort claim from Labra." *See* Def.'s Reply, at 1 (Dckt. No. 13). "BOP has no record that it ever received the [Standard Form] 95 attached to Labra's response." *Id.* at 2; *see also* Herbig Decl., at ¶ 8 (Dckt. No. 9-1).

Both sides rely on facts outside the pleadings, which is frowned upon at the motion to dismiss stage. Looking outside the complaint would require this Court to convert the motion to

3

dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). That step would open a can of worms. The parties would need to submit admissible evidence, and the parties would need to jump through all of the hoops under the Local Rules, too.

There is no need to get into that kettle of fish. And there is no need to resolve the second argument, either, meaning the argument about whether Labra demanded a sum certain. There is an easier way to resolve the motion. The government's third argument is reason enough to dismiss the complaint.

The FTCA imposes time limits for bringing a claim against the government. An FTCA claim must be "presented in writing to the appropriate Federal agency within two years after [the] claim accrues." *See* 28 U.S.C. § 2401(b).

Notice that the triggering event is presentment. A claim must be "presented" within two years. Not "sent." "*Presented*." And "presented" means received, not mailed. *See Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[M]ailing is not presenting; there must be receipt.").

Under the FTCA, there is no "mailbox rule." *See Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019); *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009). It is not good enough to drop a claim in the mail, and call it a day. The government must actually receive the claim within two years. If the government doesn't get it within two years, it doesn't count.

The parties appear to agree that Labra's claim "accrued" for purposes of the FTCA on March 29, 2021 – the day of her injury. *See* Pl.'s Resp., at 2 (Dckt. No. 12); *see also* Def.'s Reply, at 4 (Dckt. No. 13). So, Labra needed to "present[]" her claim to the BOP by March 29, 2023. *See* 28 U.S.C. § 2401(b).

Labra missed the deadline. Labra argues that because she mailed her Standard Form 95 on March 29, 2023, she "properly presented her claim in writing to the BOP." *See* Pl.'s Resp., at 2–3 (Dckt. No. 12). But again, the date of mailing isn't the right focal point. The issue is when the government received it.

Labra attached a United States Postal Service delivery confirmation to her response brief. *See* Pl.'s Ex. 2 (Dckt. No. 12-2). That confirmation indicates that the mail was delivered on April 3, 2023. *Id.*

As an aside, the USPS delivery confirmation leaves a little something to be desired. The confirmation does not show the address of the delivery. It simply says that a package was dropped off at the "Front Desk / Reception / Mail Room" in Kansas City, Missouri. *Id.* It doesn't specify an address, and it doesn't identify the addressee, either.

Delivering a package to someone in Kansas City isn't the same thing as delivering a package to the BOP in Kansas City. And even then, the delivery confirmation doesn't reveal what, exactly, was in the package.

4

Even so, for purposes of this motion, the Court will take the submission at face value. The Court will assume without deciding that the package contained the completed Standard Form 95. The Court also will assume that Labra mailed the form to the BOP on March 29, 2023, and that the package was delivered to the BOP on April 3, 2023.

Still, that's five days too late. Labra needed to present her claim to the BOP by March 29, 2023, because her claim accrued on March 29, 2021. Instead, she presented her claim on April 3, 2023. She didn't miss the deadline by much. But she missed the deadline.

Sometimes small things are small things. And sometimes small things are big things. The FTCA doesn't take a close-enough-for-horseshoes-and-hand-grenades approach. Quite the opposite. The FTCA means what it says. It's off by an inch, off by a mile.

Congress gave claimants a window of opportunity to bring tort claims against the United States. But that window of opportunity is not propped open forever. A claimant needs to bring a claim within two years, and then the window of opportunity closes. And here, Labra missed the deadline, so she missed the boat.

### Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted. The complaint is dismissed without prejudice for lack of exhaustion.

Date:   December 19, 2024

_____

Steven C. Seeger
United States District Judge